IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KAREN SNIDER, individually and as parent, ) <br> legal guardian, and next friend of minor child ) <br> ) <br> v.  ) <br> ) <br> FRASIER, FRASIER AND HICKMAN, L.L.P., ) <br> et al. ) | No. 3:10-0031 <br> Judge Trauger/Bryant |

To:   The Honorable Aleta A. Trauger, District Judge

### REPORT AND RECOMMENDATION

#### I.

By order entered January 13, 2010, this matter was referred to the undersigned for, e.g., a frivolity review. (Docket Entry No. 3) Plaintiff is proceeding *pro se* and *in forma pauperis*. Under the pauper statute, 28 U.S.C. § 1915(e)(2)(B)(i), the district court shall dismiss a pauper's case at any time if it is determined that the action is frivolous or malicious. For the reasons given below, the Magistrate Judge finds the case to be legally frivolous by reason of its filing in this improper venue, and recommends that this case be transferred to the U.S. District Court for the Northern District of Oklahoma. Alternatively, if transfer is deemed unwarranted, the complaint should be dismissed without prejudice to refiling in an appropriate forum.

#### II.

This matter involves alleged misconduct and violations of plaintiff's civil rights in the course of litigation in the state courts of Oklahoma, with the professional negligence

of the lawyers and law firms representing plaintiff and her minor child prominent among the complaint's allegations. The complaint reveals that plaintiff's need for legal representation first arose as a result of a car accident with an underinsured individual, which presumably occurred in Oklahoma, since plaintiff hired an Oklahoma attorney to whom she expressed her concern over the running of the pertinent Oklahoma statute of limitations. (Docket Entry No. 1, Exh. B) The resulting actions and omissions complained of, as well as the formation of the contracts for legal services relied upon, appear to have occurred in the state of Oklahoma. At all relevant times, plaintiff was a Tennessee resident. See id. Plaintiff invokes the court's federal question and diversity jurisdiction over this matter.

Findings of frivolity have been upheld where the action was not filed in an appropriate venue. Fish v. Murphy, 2001 WL 1355611 (6th Cir. Oct. 26, 2001); Caldwell v. Medical Council of California, 1997 WL 234612 (6th Cir. May 6, 1997). The venue statute, 28 U.S.C. § 1391, provides in pertinent part as follows:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

As mentioned above, at all times pertinent to her claims in this action, plaintiff appears to have resided in Chattanooga, Hamilton County, Tennessee, within the Eastern District of Tennessee. See Docket Entry No. 1 at 2, ¶ 6. Defendants are residents of Oklahoma, except for plaintiff's insurer, Government Employees Insurance Company ("GEICO"), which is alleged to be a Georgia resident. Of the Oklahoma defendants, all but

one -- Oklahoma Attorney Mutual Insurance Company -- are alleged to be residents of Tulsa, Tulsa County, Oklahoma, which lies in the Northern District of Oklahoma. The Oklahoma Attorney Mutual Insurance Company is alleged to reside in Edmond, Oklahoma County, Oklahoma, within the Western District of Oklahoma. No connection with this district, the Middle District of Tennessee, appears on the face of the complaint. In order for venue to properly lie here under the second prong of § 1391(b), this district must have "a substantial connection to the plaintiff's claim." First of Michigan Corp. v. Bramlet, 141 F.3d 260, 263 (6th Cir. 1998). While the complaint essentially argues that the effects of defendants' allegedly tortious conduct were felt in Tennessee (Docket Entry No. 1 at 2-3, ¶¶ 3, 7), there is no allegation of any connection to the Middle District.

      Perhaps recognizing this potential defect in her filing, plaintiff pleads the following at paragraph 2 of her complaint:

> Because the plaintiffs are poor (indigent) the plaintiffs ask for jurisdiction and or venue in this federal court of Middle Tennessee for the sake of convenien[ce] for the minor child pro se plaintiff in a single parent household is a good student active in school extra-curricul[ar] activities and also to protect the minor child's identity and confidentiality and any travel outside the plaintiffs' state will be burdensome and a hardship. ...

However, the court has no discretion to vary from the mandatory terms of the venue statutes. Section 1406(a) of the U.S. Code, Title 28, states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Accord Clayton v. Heartland Resources, Inc., 2008 WL 2697430, at *2 (M.D. Tenn. June 30, 2008) ("[A] dismissal or transfer is mandatory and made pursuant to § 1406(a) when venue is improper[.]"); see also Hampton v. Gregory, 2003 WL 344327 (6th Cir.

Feb. 7, 2003) (rejecting appellant's claim that "[g]iven his poor health, ... the district court should have exercised its discretion and accepted venue over the case," and holding that "[t]his reason does not satisfy the requirements of § 1391(a)(2).").

The complaint reveals that the only judicial district with a substantial connection to plaintiff's claims is the district encompassing the city of Tulsa, Tulsa County, Oklahoma. It is within the courts of Tulsa County where plaintiff's claims against her first lawyer were litigated, and where the second law firm was appointed to represent the interests of plaintiff's minor child in the suit. Moreover, all of the individual defendants, as well as the defendant law firm, are alleged to reside in Tulsa. Accordingly, it is in the interest of justice that this case be transferred to the Northern District of Oklahoma. Alternatively, if transfer is deemed unwarranted, the complaint should be dismissed without prejudice to refiling in an appropriate forum.

### III.

In light of the foregoing, having reviewed this *pro se*, *in forma pauperis* filing pursuant to 28 U.S.C. § 1915(e)(2), the Magistrate Judge finds the case legally frivolous based on improper venue, and recommends that the case be transferred to the Northern District of Oklahoma, or, alternatively, that the case be dismissed without prejudice to refiling in an appropriate forum.

Plaintiff has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Millon, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

**ENTERED** this 11th day of August, 2010.

s/ John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE